## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| OSCAR TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10-cv-01611-TWP-DML |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **E N T R Y**

Judgment was entered on the clerk's docket on September 26, 2012. Rule 4(a)(5) of the *Federal Rules of Appellate Procedure* provides that in a civil case, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30 day period in which to file a notice of appeal. Fed.R.App.P. 4(a)(1)(A), 4(a)(5)(A)(i).

The plaintiff's motion for an extension of time invokes Fed.R.App.P. 26(a)(3), suggesting that his notice of appeal was not untimely because the due date for his notice of appeal was a Saturday. The deadline for the appeal, however, was October 26, 2012, which fell on a Friday. Appellate Rule 26(a)(3) is therefore not applicable to the circumstances here and the notice of appeal filed with the clerk on October 29, 2012, cannot be considered to have been timely filed.

Pursuant to Rule 4(a)(5) of *Federal Rules of Appellate Procedure*, the court may extend the time to file a notice of appeal if the motion for extension of time is filed no later than 30 days after the time prescribed by Rule 4(a) expires and the moving party shows excusable neglect or good cause. In this case, the time

prescribed by Rule 4(a) expired on October 26, 2012. The plaintiff's motion for extension of time was filed on November 26, 2012, which satisfies the 30-day provision of Rule 4(a)(5).

The "excusable neglect" standard applies in situations in which there is fault, usually occasioned by something within the movant's control. *See* Fed. R.App. P. 4, advisory committee notes (2002 Amendments) (explaining subdivision (a)(5)(A)(ii)). The "good cause" standard applies in situations in which there is no fault, namely, the need for an extension is usually occasioned by something that is not within the movant's control. *Id.*

In this case, the plaintiff was aware that his notice of appeal was due on or before October 26, 2012. He asserts that he attempted to file his notice of appeal electronically but he was not allowed to do so. When he learned he could not file the notice electronically, he put the notice of appeal in the mail, before the due date. The notice of appeal was signed on October 23, 2012. The plaintiff's motion reflects that he was confused as to the dates on the calendar. He recites that he mailed his notice of appeal on Thursday October 24, 2012, and that his notice of appeal was due Saturday October 26, 2012, but the court was closed. October 24, 2012, was a Wednesday. The notice of appeal was due on Friday, October 26, 2012. As noted, the notice of appeal was file-stamped on Monday October 29, 2012.

The plaintiff was represented by counsel during the tenure of this case, and he argues that the reason for the delay in filing his appeal was his mistake of fact in believing that he could also file electronically *pro se*. The court notes that the

plaintiff's apparent confusion of the calendar contributed as well. Under these circumstances, the court finds the plaintiff's fault constitutes excusable neglect. Therefore, the plaintiff's motion for extension of time to file notice of appeal [Dkt. 82] is **granted.**

    **IT IS SO ORDERED.**

Date: 01/14/2013 _____

                                                                         Hon. Tanya Walton Pratt, Judge
                                                                         United States District Court
Distribution:                                                  Southern District of Indiana

Oscar Taylor
5015 Ontonagon Way
Spring, TX 77386

All electronically registered counsel